Zachary L. Ayers
Ayers Law Firm, P.L.L.C.
1312 N. Monroe Street, Suite 133
Spokane, WA 99201
Telephone: (509) 252-6005
Email: zach@ayerslawfirm.net

United States District Court
Eastern District of Washington
(Hon. Rosanna Malouf Peterson)

United States of America,

          Plaintiff,

v.

Matthew Paul Porter,

          Defendant(s).

2:19-CR-00186-RMP

Sentencing Memorandum and Motion for Downward Variance

## I.  Introduction

Matthew Paul Porter, through counsel, Zachary L. Ayers, submits the following sentencing memorandum and motion for downward variance. Mr. Porter respectfully requests the Court to sentence him to 36-months imprisonment, a 4-year term of supervised release, no fine, and a $200 mandatory special penalty assessment.

## II.  18 U.S.C. 3553(a)

18 U.S.C. §3553 sets out factors that are helpful to the Court when determining what sentence is "sufficient but not greater than necessary" to comply with the purposes of the statute. The District Court may not presume that the guideline range is reasonable, nor should the guideline factors be given any more or less weight than any

other. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) *en banc*, citing *Rita v. United States*, 127 S.Ct. 2456 (2007), *Gall v. United States*, 127 S.Ct. 2833 (2007), and *Kimbrough v. United States*, 128 S.Ct. 558 (2007). The guidelines are only one factor to be taken into account in arriving at an appropriate sentence. *Id.*

### Nature of the Offense

This offense is serious. Mr. Porter understands that the offense he committed affects the public at large. Controlled substances poison the community psychologically, physically, and financially. Although he collected firearms, he understands that those firearms are illegal in nature. Each of these issues harmed the physical as well as emotional well-being of his family and fiancé.

### The History and Characteristics of the Defendant

Mr. Porter's life is one of significant sadness and uplifting life events. Mr. Porter has lived in Eastern Washington most of his life. He has never met his father (PSIR ¶97-98).

He dated Ashley Robinson, the mother of Mr. Porter's oldest son in the mid-2000's. (PSIR¶111). She died of a blood clot in her brain in 2007. (PSIR ¶111). Her passing sunk Mr. Porter into a place of despair that affects him to this day. His right leg has a tattoo with Ms. Robinson's initials and birth date.

This case is Mr. Porter's first and, hopefully, only conviction. His time at pretrial intensive inpatient treatment opened his eyes to how he was harming himself and his fiancé. That experience affected him so much that he helped get his fiancé clean and

sober for the birth of their child.

**To Promote Respect for the Law**

A sentence of 36 months promotes respect for the law. By the time of sentencing, Mr. Porter will have been incarcerated for almost one year.

Intensive inpatient treatment taught Mr. Porter the damaging effects of his drug addiction. It taught him how it was hurting others and almost led him to overdosing. It hurt his family, his fiancé, and his children.

**To Afford Adequate Deterrence to Criminal Conduct**

A sentence of 36 months will deter criminal conduct. The anticipated supervised release conditions will help to deter future criminal conduct.

"Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to offend." *United States v. Quails*, 373 F.Supp.1d 873 (E.D. Wis. 2005). "If a defendant served no time or only a few months for prior offenses, a sentence of even 3 or 5 years for the current offenses might be expected to have the requisite deterrent effect." *United States v. Mishoe*, 241 F.3d 214 (2nd Cir. 2001).

Mr. Porter's is in criminal history Category 1. He has never served a prison sentence before. A sentence of more than 36 months would have the opposite effect considering he is now sober. Inpatient treatment has changed Mr. Porter's entire view of controlled substances and the harm it caused him and his family.

### Protection of the Public

A sentence of 36 months with 4 years of supervised release will satisfy this factor as well. Mr. Porter agrees with and intends to follow the standard and special conditions of release recommended in the PSIR. It is his goal to maintain sobriety for the rest of his life.

### III. Motion for Downward Variance

Mr. Porter seeks a downward variance from the 87-108 months range of imprisonment to 36 months. His fiancé has endured substance addiction. She saw the positive changes that Mr. Porter has taken and mirrors those same changes to be clean and sober.

With a mental health evaluation and potential treatment, Mr. Porter will be able to correct many of the challenges he faces mentally, physically, and emotionally. Having a newborn to take care of and reestablishing his relationship with his oldest son are his motivations to maintain sobriety and not commit further crimes.

Additionally, the guideline range in the pre-sentence report overstates the potential sentence. "Additionally, prior to this offense, Mr. Porter had never been incarcerated; therefore, a sentence less than the low end of the guideline range may be sufficient to deter further criminal conduct, promote respect for the law, while reflecting on the seriousness of the offense." (PSIR ¶179). Mr. Porter's lack of criminal history before this case is telling for someone who is 40-years old. It is unlikely that he will reoffend in the future.

Additionally, Mr. Porter has strong family ties. His mother and siblings live in the Eastern District of Washington and are quite supportive of him and his path to recovery.

### IV. Conclusion

The Court should impose a sentence "sufficient but not greater than necessary." Mr. Porter respectfully requests the Court to sentence him to 36 months imprisonment, with credit for time already served, a term of 4-years of supervised release, no fine, and a $200 special mandatory penalty assessment. Mr. Porter respectfully requests the Court to recommend FDC Seatac for placement.

Dated this 10th day of May 2021.

Respectfully Submitted,

*s/ Zachary L. Ayers*
WSBA # 46496
Attorney for Matthew Porter
Ayers Law Firm, P.L.L.C.
1312 N. Monroe Street, Suite 133
Spokane, WA 99201
Telephone: (509) 252-6005
Email: zach@ayerslawfirm.net

1

## <u>Service Certificate</u>

2

3

I hereby certify that on May 10, 2021, I electronically filed the foregoing with

4

the Clerk of the Court using the CM/ECF System which will send notification of such

5

filing to the following: Assistant United States Attorney Richard Barker.

6

7

8

9

10

11

        *s/Zachary L. Ayers*
        WSBA # 46496
        Attorney for Matthew Porter
        Ayers Law Firm, P.L.L.C.
        1312 N. Monroe Street, Suite 133
        Spokane, WA 99201
        Telephone: (509) 252-6005
        Email: zach@ayerslawfirm.net

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28